1.

United States District Court
District of Massachusetts

Violene Jeune, A77 927 961
   Petitioner

—vs—

John D. Ashcroft, Attorney General;
Tom Ridge, Secretary of Homeland Security;
Bruce Chadbourne, Interim Field Office
Director of Detention and Removal,
Boston Field Office, Bureau of
Immigration and Customs Enforcement;
and Kathleen Dennehy, Acting Commissioner
Massachusetts Department of Corrections,
   Respondents

Petition for a Writ of Habeas Corpus

## Petition For A Writ of Habeas Corpus Pursuant to 28 USC § 2241

Petitioner Violene Jeune, hereby petitions this court for a writ of habeas corpus to remedy her unlawful detention and to enjoin her continued unlawful detention by the respondents. In support of this petition and complaint for injunctive relief, petitioner alleges as follows:

## Parties

1. Petitioner Violene Jeune came to the United States in 2000 as an illegal alien. She is a native and citizen of Haiti. Petitioner Jeune was ordered deported April of 2003 and was taken into Immigration custody in April 2003. She has been detained by the Bureau of Immigration and Customs Enforcement (BICE) for over 11 months.

2. Respondent John D. Ashcroft is the Attorney General of the United States and is responsible for the administration of BICE and the implementation and enforcement of the immigration laws. As such, he is the ultimate legal custodian of the Petitioner.

3. Respondent Tom Ridge is the Secretary of Homeland Security and is responsible for the administration of BICE and the implementation and enforcement of the immigration laws. As such, he has legal custody of the Petitioner.

4. Respondent Bruce Chadbourne is the Interim Field Office Director for Detention and Removal Boston Field Office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local BICE official who has immediate custody of Petitioner.

5. Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration laws.

6. Respondent, Kathleen M. Dennehy is acting Commissioner, Massachusetts Department of Correction. Because BICE contracts with state prisons such as the Bristol County Sheriff Office/jail, North Dartmouth Massachusetts to house immigration detainees such as Petitioner, she has immediate custody of the Petitioner.

## Custody

7. Petitioner is detained at the Bristol County jail located at 400 Faunce Corner Rd. North Dartmouth, Mass. BICE has contracted Bristol County Sheriff's Office/jail to house immigration detainees such as Petitioner. Petitioner is under the direct control of Respondents and their agents.

## Jurisdiction

8. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 USC §1101 et seq, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L No. 104-208, 110 Stat 1570, and the Administrative Procedure Act of 1996 ("APA"), 5 USC §701 et seq. This Court has jurisdiction under 28 USC §2241, art 1 §9, cl 2 of the United States Constitution ("Suspension Clause"), and 28 USC §1331, as to

Petitioner is presently in custody under the color of the authority of the United States, and such custody is in violation of the Constitution, Laws, or treaties of the United States. See <u>Zadvydas</u> v. <u>Davis</u> 533 U.S. 678, 121 S. Ct. 2491 (2001)

## Venue

9. Venue lies in the District of Massachusetts because Petitioner is currently detained at Bristol County jail, 400 Faunce Corner rd North Dartmouth, Mass. Venue in the district of Massachusetts is proper because Petitioner is in the custody of Respondent Bruce Chadbourne, <u>Interim</u> Field Office Director of this district, which encompasses Massachusetts. 28 USC § 1391

## Exhaustion of Remedies

10. Petitioner has exhausted her administrative remedies to the extent required by law, and her only remedy is by way of this judicial action. After the Supreme Court decision in <u>Zadvydas</u>, the Department of Justice issued regulations governing the custody of aliens ordered removed See 8 C.F.R § 241.4. Petitioner was order deported on _____ and was taken into BICE custody April 2003. At her 90-day

custody review on 12/17/03, BICE decided to continue her detention, with the decision to be reported to BICE's Headquarters - Post-Detention Unit ("HQPDU"). The custody review regulations do not provide appeal from a HQPDU custody review decision. See 8 CFR § 241.4(d).

11d. No statutory exhaustion requirements apply to petitioner's claim of unlawful detention.

## Statement of Facts

12. Petitioner Violene Jeune was born 5/22/83, she came to the United States 5/22/00, illegally. Petitioner came to United States to escape a dysfunctional, volatile situation in Haiti within her own family circle. Petitioner has visions of hope, a good education, good career goals, some semblance of stability to her life here in the United States. Petitioner graduated from Malden High School, Massachusetts and worked as a nurses assistant for over 2 years paying federal and state taxes. Petitioner lived with her uncle in Malden and after several sexual advances from him towards hers, he eventually kicked her out and subsequently called the (B)ICE

and she has been in custody since. Petitioner has recently applied for a ten-year Visa. The outcome has been undetermined. Petitioner has her own apartment in Malden, Mass. Petitioner has never violated any state laws, never did criminal prison time, never committed a crime. Petitioner applied for asylum in 2000 but the petition was denied. Petitioner has been in (B)ICE custody since April 2003. Petitioner custody review was denied 12/17/03 and was sent to HQPDU but she has no knowledge of its decision.

13. (B)ICE first reviewed Petitioner Jeune's detention status on 12/17/03. BICE has not notified Petitioner Jeune of any progress in her repatriation.

14. To Petitioner's knowledge the Government of Haiti has not issued travel documents for her. Indeed neither BICE or Haiti have provided any indication that Haiti would accept Petitioner in the reasonable foreseeable future. BICE has never asserted that Petitioner has failed to cooperate in her deportation.

(9) BICE has offered no evidence to suggest that repatriation in Petitioner's individual case is

forseeable now.

Legal Framework Sought

15. In <u>Zadvydas</u>, the Supreme Court held that 8 U.S.C. § 1231 (a)(6), when "read" in light of the Constitutions' demands, limited an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. <u>Id.</u>, 121 S Ct at 2498. A "habeas court must (first) ask whether the detention in question exceeds a period reasonably necessary to secure removal." <u>Id.</u> at 2504. If the individuals' removal is not reasonably forseeable, "the court should hold continued detention unreasonably and no longer authorized by statue." <u>Id</u>

16. In determining the length of a reasonable removal period, the Court adopted a "presumptively reasonable period of detention of 6 months." <u>Id</u> at 2504. After six months the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably forseeable future." <u>See Zhou v. Farquharson</u>, 2001 U.S. Dist. BICE's administrative regulations also recognize that the HQPDU has a six-month period for

determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. See 8 CFR § 241.4(i)(2)(ii).

17. Evidence showing successful repatriation of other persons to Haiti is not sufficient to meet the government's burden to establish that an alien petitioner will be deported within the reasonably foreseeable future. See Thompson v. INS 2002 U.S. Dist.

18. An alien who has been detained beyond the presumptive six-months should be released where the government is unable to present documented confirmation that the foreign government at issue will not accept the particular individual in question. See Agbadq v. John Ashcroft, 2002 U.S. Dist.

## Claims for Relief

19. Petitioner's continued detention by Respondent violates INA § 241(a)(6), as interpreted in Zadvydas. Petitioner's six-month presumptive reasonable period for continued detention passed over 1 year ago. For this reason Petitioner's removal to Haiti is not reasonably foreseeable. The Supreme Court held in Zadvydas that the continued detention of someone after six months where deportation is not reasonably foreseeable is

unreasonable and in violation of INA § 241.

20. Petitioner's continued detention violates her right to substantive due process by depriving her of her core liberty interest to be free from bodily restraint.

21. Under the Due Process Clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The Petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.

## Prayer For Relief

Wherefore, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter
2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release the Petitioner from custody.
3) Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of BCCE Boston District Director during the pendency of these proceedings and while the Petitioner remains in Respondents' custody

10

4. Grant any other further relief which this court deems just and proper.

Respectfully Submitted
Violene Jeune 3-26-04
Bristol County Jail
400 Faunce Corner Rd.
N. Dartmouth, MA 02747
Dated 3/25/04

## Certificate of Service

I, Violene Jeune, certify that a true copy of the above document was mailed on 3/25/04 upon the following:

Bruce Chadbourne, Interim Field Office Director
DHS/BICE: Detention and Removal Office
JFK Federal Building, 17th fl
15 New Sudbury Street, Boston MA 02203

Attorney General Ashcroft
United States Department of Justice
950 Pennsylvania Avenue DW
Washington, DC 20530-0001

Secretary of Homeland Security, Tom Ridge
U.S. Department of Homeland Security
Washington, DC 20528

Kathleen M. Dennehy, Acting Commissioner
Mass. Dept of Correction, Central Headquarters
50 Maple Street, Milford, MA 01757

by placing a copy of the above in the mail system at the facility where I am detained.

Violene Jeune
3-26-04

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**: Violene Jeune

**DEFENDANTS**: Bruce Chadbourne, Interim Field Office Director DHS/BICE, et. al.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Pro Se  Violene Jeune

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT / TORTS / FORFEITURE/PENALTY / BANKRUPTCY / OTHER STATUTES [checkboxes, none marked except under PRISONER PETITIONS: ☒ 530 General]

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 (Petitioner is detained by Bureau of Immigration Customs Enforcement)

**VII. REQUESTED IN COMPLAINT**: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

Certificate of Service

I, Violene Jeune, certify that a true copy of the above document was mailed on 3/25/04 upon the following:

Bruce Chadbourne, Interim Field Office Director
DHS/BICE: Detention and Removal Office
JFK Federal Building, 17th fl
15 New Sudbury Street, Boston MA 02203

Attorney General Ashcroft
United States Department of Justice
950 Pennsylvania Avenue DC
Washington, DC 20530-0001

Secretary of Homeland Security, Tom Ridge
U.S. Department of Homeland Security
Washington, DC 20528

Kathleen M. Dennehy, Acting Commissioner
Mass. Dept of Correction, Central Headquarters
50 Maple Street, Milford, MA 01757

by placing a copy of the above in the mail system at the facility where I am detained.

Violene Jeune
3-26-04