```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

VIOLENE JEUNE,                  )
          Petitioner,           )
                                )
     v.                         )  Civil Action No. 04-10606-REK
                                )
PETER PERRONCELLO,              )
Superintendent of the           )
Bristol County Jail             )
and House of Correction,        )
          Respondent.           )
```

## MEMORANDUM AND ORDER

Now before the Court are petitioner's motion to proceed in forma pauperis and petition for writ of habeas corpus. For the reasons stated below, the Court will (1) direct the clerk to correct the case caption; (2) direct the clerk to serve the petition; and (3) deny petitioner's motion for leave to proceed in forma pauperis without prejudice to submitting an Application to Proceed Without Prepayment of Fees within twenty-one days from the date of this Memorandum and Order.

## BACKGROUND

On March 29, 2004, petitioner Violene Jeune, now detained by the Department of Homeland Security[1] at the Bristol County Jail and House of Correction (N. Dartmouth), submitted for filing her motion for leave to proceed in forma pauperis and

---

[1] The Department of Homeland Security (D.H.S.) was created by the Homeland Security Act, Pub. L. No. 107-296, 116 Stat. 2135.

her self-prepared petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that she was ordered deported to Haiti in April 2003 and has been in custody of the Bureau of Immigration and Customs Enforcement since that time.

## DISCUSSION

Petitioner seeks release citing Zadvydas v. Davis, 533 U.S. 678, 687-688 (2001) (placing burden on government after alien has been confined for six months to rebut showing that there is no significant likelihood of removal). Although district courts lack jurisdiction to review final orders of removal, such courts may review a detainee's constitutional challenge to his confinement.[2] See Zadvydas v. Davis, 533 U.S. 678, 687-688 (2001) (district court may review in a habeas proceeding an alien's constitutional and statutory claims based on his continued detention after being ordered removed). Therefore, the Court will allow Ms. Jeune's habeas claims to proceed at this time.

---

[2] Section 1231(a) provides that the Government "shall" remove an alien within 90 days after the entry of a final removal order and that aliens must be held in custody during this 90-day removal period. 8 U.S.C. § 1231(a)(1), (2). After the 90-day removal period has passed, the Government "may" continue to detain certain categories of aliens, such as criminal aliens or aliens who present a risk to the community or who are unlikely to comply with the removal order. 8 U.S.C. § 1231(a)(6).

Because the petition identifies several respondents, none of whom are petitioner's immediate custodian, the Court will designate as respondent petitioner's immediate custodian, Peter Perroncello, Superintendent of the Bristol County Jail and House of Correction.  A writ of habeas corpus "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.  The First Circuit has held that an alien who seeks a writ of habeas corpus contesting the legality of his detention "normally must name as the respondent his immediate custodian, that is, the individual having the day to day control over the facility in which he is being detained." Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000), cert. denied, Vazquez v. Ashcroft, 122 S. Ct. 43 (2001).  The Clerk will be directed to correct the case caption to reflect Superintendent Perroncello as the sole respondent and to serve the petition on Superintendent Perroncello, the United States Attorney and the Special Assistant United States Attorney at the Department of Homeland Security (Boston).

Finally, a party filing a civil complaint or habeas petition in this Court must either (1) pay the applicable filing fee or (2) file an Application to Proceed Without Prepayment of Filing Fees and Affidavit (the "Application"). See 28 U.S.C. 1914(a) ($5.00 filing fee for habeas petitions; $150.00 filing fee for civil complaints); 28 U.S.C. 1915

(proceedings in forma pauperis).

Although petitioner submitted a motion to proceed in forma pauperis, she has not submitted her request on the proper form. Therefore, her motion will be denied without prejudice to her submitting an Application to Proceed Without Prepayment of Fees within twenty-one days from the date of this Order.

ORDER

ACCORDINGLY, it is hereby ORDERED that:

1. Petitioner's Motion to Proceed In Forma Pauperis (Docket No. 1) is denied without prejudice to filing an Application to Proceed Without Prepayment of Fees within twenty-one (21) days of the date of this Memorandum and Order. The Clerk shall send an Application form to petitioner.

2. The Clerk shall correct the case caption to list as sole respondent Peter Perroncello, Superintendent of the Bristol County Jail and House of Correction.

3. The Clerk shall serve a copy of the habeas petition upon: (1) the office of the United States Attorney; (2) Frank Crowley, Department of Homeland Security, Special Assistant United States Attorney, P.O. Box 8728, JFK Station, Boston, MA  02114; AND (3) Superintendent Peter Perroncello, 400 Faunce Corner Road, North Dartmouth, MA 02747.

4. The Respondent, within twenty (20) days of receipt of this Order, shall file an answer (or other responsive pleading) to the habeas petition.

5. The Clerk shall send Ms. Jeune with a copy of this Memorandum and Order an Application to Proceed Without Prepayment of Fees.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>1st</u> day of <u>April</u>, 2004.

                                       <u>/s/ Robert E. Keeton</u>
                                       ROBERT E. KEETON
                                       UNITED STATES SENIOR DISTRICT JUDGE