UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIODENE JEUNE,<br><br>      Petitioner<br><br>    v.<br><br>PETER PERRONCELLO,<br>Superintendent of the Bristol<br>County Jail and House of<br>Correction<br><br>      Respondent | Civil Action No.<br>04cv10606-REK |

## RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### SUMMARY CASE STATEMENT

Petitioner is a native and citizen of Haiti presently detained under authority of the respondent Bureau of Immigration and Customs Enforcement ("respondent", "ICE")[1] pending execution of her final order of removal. Her petition to this Court asserts prolonged post-order detention in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability of her final order of removal, but rather asserts she seeks "to remedy her unlawful detention", Petition, p.2, and that "[t]o petitioner's knowledge the government of Haiti has not issued

---

[1] As of a DHS restructuring effective June 9, 2003, the responsive successor official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for

travel documents for her." Petition, p.6.

However, petitioner neglects to disclose to the Court the fact that petitioner has previously *refused* to be boarded on her commercially scheduled removal flight at Logan Airport on July 21, 2003. Petitioner was informed of the consequences of her refusing to board her commercially scheduled flight, including the fact that if she refused to be boarded commercially she would subsequently need to be removed via the U.S. Marshal's specially secure government JPATS (Justice Prisoner & Alien Transportation System) flight. Petitioner expressed to the escorting ICE officers at that time that she did not care, and so petitioner was escorted back into ICE detention from Logan Airport.

Petitioner's refusal to be removed by commercial flight has necessitated that she be removed by secure JPATS flight to Haiti, and petitioner's removal has now been scheduled for **April 26, 2004**, on a U.S. government JPATS flight to Haiti.

Since the recent unrest in Haiti, JPATS flights have been waiting for clearance from the Haitian authorities to resume. JPATS flights have been scheduled and then cancelled when no clearance has been issued, although some commercial air traffic has resumed to Haiti. It is unknown at present exactly when such clearance for JPATS flight will be granted and such flights will resume.

---

Detention and Removal, Bureau of Immigration and Customs

Although it is distinctly possible that her JPATS flight will be cancelled if flight clearance is not received by the flight date, petitioner is now scheduled for removal to Haiti on **April 26, 2004**. Respondent's position is that the long-established routine of JPATS flights into Haiti is expected to resume, and that therefore petitioner's removal while not certain in terms of time or date is now "reasonably foreseeable" as required by the Supreme Court in <u>Zadvydas</u>, and the case should be dismissed for failure to state a claim upon which relief may be granted. Petitioner by her own recalcitrance has put herself in the position of needing to be removed on a specially secure U.S. government flight; however should petitioner be genuinely willing to be removed commercially to Haiti, that more likely avenue could again be pursued if the **April 26, 2004,** flight is canceled.

### ARGUMENT

I. BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **APRIL 26, 2004,** THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of her order of removal, nor the enforceability of it. Rather, she files this habeas corpus action "to remedy her unlawful detention". Petition, p. 2.

However, because petitioner's removal is now scheduled for **April 26, 2004,** petitioner fails to state a colorable claim of unlawful detention. The Supreme Court in <u>Zadvydas v. Davis</u>, 121

---

Enforcement in Boston, Massachusetts.

S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, <u>an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

4

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in Zadvydas which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, the JPATS flights for removal of criminal aliens into Haiti were the routine and required process for removal of such aliens, and for aliens such as petitioner who had refused and resisted to be boarded on commercially scheduled removal flights. The recent political unrest and security environment in Haiti has had the consequence of delaying resumption of the JPATS fights. It is expected that such flights will resume, but there is no certainty as to when exactly. Accordingly, it is respondent's position that while petitioner's removal is not certain in terms of time or date -- though petitioner's flight is in fact scheduled, albeit conditionally upon necessary clearance -- there is a "significant likelihood of removal in the reasonably foreseeable future", and the petition fails to state a claim upon which relief may be granted.

Moreover, in this instant case, petitioner herself by her action in refusing to board her commercially scheduled removal flight from Logan Airport on July 21, 2003, has necessitated her removal on the secure JPATS flight, unless she is now willing to

5

cooperate in a commercially scheduled removal to Haiti if her **April 26, 2004,** flight is cancelled.

Respondent also hereby provides the Court advance notice of petitioner's deportation scheduled for **April 26, 2004,** or such reasonably foreseeable date thereafter should the **April 26, 2004,** flight be cancelled.

## CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on April 6, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114