```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

VIOLENE JEUNE,                    )
         Petitioner,              )
                                  )
     v.                           )  Civil Action No. 04-10606-REK
                                  )
PETER PERRONCELLO,                )
Superintendent of the             )
Bristol County Jail               )
and House of Correction,          )
         Respondent.              )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Court will (1) allow petitioner's Application to Proceed Without Prepayment of fees; and (2) dismiss the habeas petition without prejudice.

BACKGROUND

On March 29, 2004, Violene Jeune, an immigration detainee now being held at the Bristol County Jail and House of Correction (North Dartmouth), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 accompanied by a motion to proceed in forma pauperis.

By Memorandum and Order dated April 1, 2004, petitioner was granted additional time to file an Application to Proceed Without Prepayment of Fees and the Clerk was directed to serve the petition.

Petitioner, a native of Haiti, contends that she has been indefinitely detained since April 2003 by the Department of Homeland Security and asserts that her continued detention is

unlawful under Zadvydas v. Davis, 533 U.S. 678, 687-688 (2001).

On April 7, 2004, counsel for respondent filed (1) a notice of intent to execute petitioner's final order of removal on April 26, 2004; (2) a motion to dismiss the petition; (3) and a return and memorandum in support of motion to dismiss. See Docket Nos. 4, 7-8. The government's return and memorandum state that on July 21, 2003, petitioner refused to be boarded on her commercially scheduled removal flight at Logan Airport. See Return and Memorandum, Docket No. 8. Consequently, the government has arranged to remove petitioner via the U.S. Marshal's specially secure government JPATS (Justice Prisoner & Alien Transportation System) flight. Id. Petitioner's removal is scheduled for April 26, 2004 on a U.S. government JPATS flight to Haiti, however, due to the recent unrest in Haiti, petitioner's JPATS flight may be cancelled. Id. If the April 26, 2004 JPATS flight to Haiti is cancelled, the government will arrange for her removal on the next available JPATS flight to Haiti or, with petitioner's consent, the government will arrange for her removal on a commercially scheduled flight to Haiti.

On April 14, 2004, petitioner filed an Application to Proceed without Prepayment of Fees. See Docket No. 5.

Petitioner's Application indicates that she was last employed in April 2003 and that during the past twelve months she has received $160.00 from friends and family. Id. An account activity ledger attached to her Application states a balance of $62.78 in her institutional account. Id.

On April 14, 2004, petitioner also filed an affidavit in support of her petition for writ of habeas corpus. See Docket Nos. 6. Petitioner's Affidavit requests "a chance to stay in the United States" stating that she entered the United States illegally in April 2000 and fears her life will be in danger if returned to Haiti. Id. Because petitioner did not serve a copy of her affidavit on the government, Judge O'Toole entered an order directing the clerk to serve a copy of petitioner's affidavit on the government. See 4/16/04 Procedural Order, Docket No. 9.

On April 19, 2004, Respondent filed a reply stating that petitioner's affidavit refers to the same claim that has already been determined administratively. See Docket No. 10. The reply further states that the Immigration Judge denied petitioner's asylum claim and that the Board of Immigration Appeals summarily affirmed the removal order by decision dated October 29, 2002. Id.

DISCUSSION

To the extent petitioner seeks to challenge her final order of removal, this Court does not have jurisdiction to entertain such a challenge. An appeal an order of removal issued by the Board of Immigration Appeals must be taken to the court of appeals for the circuit in which the immigration judge completed the proceedings. See 8 U.S.C. § 1252(b)(2) (petition for review of final order of removal filed in court of appeals). This Court lacks jurisdiction to directly review questions of law or fact relating to petitioner's removal proceedings. See 8 U.S.C. 1252(b)(9); Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) (court of appeals has exclusive jurisdiction to review removal proceedings under Section 1252(b)(9)).

In Zadvydas v. Davis, 533 U.S. 678, 687-688 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Id. 533 U.S. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to

conditions of supervised release "appropriate in the circumstances."  Id. at 699-700.

Here, because there is a significant likelihood of removal in the "reasonably foreseeable" future, petitioner has failed to state a Zadvydas claim for relief.  Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003). Thus, this petition for writ of habeas corpus must be dismissed.  See Wang, 320 F.3d at 145.  This dismissal is without prejudice to its re-filing by petitioner if her removal is not effected as planned.

### ORDER

ACCORDINGLY, it is hereby ORDERED that:

1. Petitioner's Application to Proceed Without Prepayment of Fees (Docket No. 5) is Granted.

2. Respondent's Motion to Dismiss (Docket No. 4) is ALLOWED.

3. The Clerk is directed to enter as a separate document a final judgment as follows:

    The habeas petition is DISMISSED without prejudice to its re-filing by petitioner if her removal is not effected as planned.

SO ORDERED.

Dated at Boston, Massachusetts, this 20th day of April, 2004.

/s/ Robert E. Keeton
ROBERT E. KEETON
UNITED STATES SENIOR DISTRICT

JUDGE